IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

DEWAYNE DEARING                                                         PETITIONER

V.                                      CIVIL ACTION NO. 1:19-CV-00096-NBB-DAS

MONROE COUNTY CIRCUIT COURT and
STATE OF MISSISSIPPI                                       RESPONDENTS

<u>ORDER TRANSFERRING CASE TO THE
FIFTH CIRCUIT COURT OF APPEALS</u>

This matter comes before the court, *sua sponte*, for consideration of the transfer of this cause. Dewayne Dearing has submitted a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254. The petitioner was convicted in the Circuit Court of Monroe County, Mississippi, on two counts of solicitation of sex from a minor.

The petitioner has filed at least one other unsuccessful § 2254 motion concerning the same conviction which he now seeks to challenge. *See Dearing v. Monroe County Circuit Court*, 1:10-CV-00055-NBB-DAS; *see also Dearing v. Monroe County Sheriff's Department et al*, 1:12-CV-00089-MPM-DAS; *Dearing v Monroe County Circuit Court et al*, 1:12-CV-00090-SA-JMV; *Dearing v. State of Mississippi et al*, 1:11-CV-00177-MPM-DAS; *Dearing v. State of Mississippi*, 1:11-CV-00176-GHD-SAA.

The Antiterrorism and Effective Death Penalty Act requires that before a district court considers a second or successive petition, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Dearing has not obtained such authorization. Rather than dismissing Dearing's petition on this basis, the Fifth Circuit has allowed district courts to transfer the petition for

consideration pursuant to 28 U.S.C. § 2244(a) and (b)(3)(C). *See In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

Therefore, in the interest of justice and judicial economy, it is hereby **ORDERED:**

1) That this petition shall be transferred to the Fifth Circuit Court of Appeals for the petitioner to seek permission to file this successive § 2254 petition;

2) That the Clerk of Court is directed to transfer this petition and the entire record to the Fifth Circuit Court of Appeals in accordance with 28 U.S.C. § 2244(a) and (b)(3)(C), and *In re Epps*, 127 F.3d at 365;

3) That Defendants' motion to dismiss for failure to state a claim is hereby **DISMISSED as moot**; and

4) That this case is **CLOSED**.

This, the 26th day of September, 2019.

/s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**